**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **VS.** : | **3:CR-99-239** |
| : | **(CHIEF JUDGE VANASKIE)** |
| **GREGORY MONROE** : | |
| : | |

**ORDER**

**November 28, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pro se Petitioner Gregory Monroe brought this habeas corpus proceeding under 28 U.S.C. § 2241 in order to challenge the sentence imposed by this Court. Petitioner raises three arguments for habeas corpus relief: (1) the government failed to honor the plea agreement because it did not move for a lower sentence pursuant to 18 U.S.C. § 3553(e); (2) the sentence was unauthorized because, although Monroe pled guilty to distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1), he did not specifically plead guilty to any penalty provision set forth in 21 U.S.C. § 841(b); and (3) his sentence is invalid after Blakely v. Washington, 542 U.S. 296 (2004), because it was imposed under the presumption that the sentencing guidelines

were mandatory.[1]  (Pet.'s Am. Mot. for the Correction of Sentence, Dkt. Entry 332 at 3-4.)

Monroe cannot pursue this challenge to his sentence under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 provides the exclusive avenue of relief.  Monroe has deliberately refrained from seeking relief under § 2255.  Accordingly, this Court does not have jurisdiction to entertain Monroe's § 2241 petition. and its dismissal is warranted.

Pursuant to a plea agreement, Monroe pled guilty to the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  (Dkt. Entry 240.)  In his plea agreement, Monroe conceded that the maximum penalty for his offense was twenty years.  (Plea Agreement, Dkt. Entry 141 ¶ 1.)  With respect to the application of the United States Sentencing Commission Sentencing Guidelines, Monroe agreed that "[i]t is readily provable that the defendant was involved with the possession with intent to distribute between 50 grams and 150 grams of cocaine base (crack)." (Plea Agreement, Dkt. Entry 141 ¶ 11.)  He also agreed to a base offense level of 32, which was adjusted down three levels for acceptance of responsibility.  His criminal history category of level VI yielded a guideline imprisonment range of 151 to 188 months.  (Id.; Presentence

---

[1] Petitioner cites Blakely as holding "the sentencing guidelines unconstitutional."  (Pet.'s Am. Mot. for the Correction of Sentence, Dkt. Entry 332 at 3-4.)  Blakely actually only raised doubts about the constitutionality of the federal sentencing guidelines.  In United States v. Booker, 125 S. Ct. 738 (2005), decided after Monroe files his § 2241 petition, the Supreme Court severed a provision in the sentencing guidelines that made them mandatory. Consequently, the guidelines became advisory after Booker.  I will interpret Petitioner's Blakely argument to encompass the Supreme Court's decision in Booker, which appears to more accurately reflect his argument.

2

Investigation Report)  At sentencing, the government requested a one level downward departure under U.S.S.G. § 5K1.1.  (Dkt. Entry 242.)  Monroe sought a greater downward departure.  (Id.)  This Court made a two level downward departure and sentenced Monroe to 130 months' imprisonment on February 27, 2002.[2]  (Dkt. Entry 240).  Monroe appealed his sentence, arguing he should have received a greater downward departure from this Court.  (Dkt. Entry 242.)  The Third Circuit dismissed Monroe's appeal on May 20, 2003.  (Dkt. Entry 316.)

Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2241 on December 2, 2004.  (Dkt. Entry 325).  On December 3, 2004, this Court issued an order in conformity with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), directing Petitioner to elect to have his motion ruled on as filed, "in which event an issue will be whether relief is available under 28 U.S.C. § 2241;" have the petition re-characterized as a motion under 28 U.S.C. § 2255; or withdraw his petition and file an all-inclusive § 2255 motion within the one-year limit for doing so.  (Dkt. Entry 326.)  Petitioner did not file a Notice of Election in response.  On February 16, 2005, Petitioner amended his §

---

[2] Petitioner's offense level was 27 after the two level downward departure.  With Petitioner's criminal history category of VI, this resulted in a guideline sentencing range between 130 and 162 months.  This Court sentenced Monroe to 130 months' imprisonment to run concurrently with a state sentence for aggravated assault related to a shooting.  (Dkt. Entry 240.)

2241 petition. (Dkt. Entry 332.)

As suggested by the Miller/Mason Order issued in this case, Monroe's election to seek relief under 28 U.S.C. § 2241 presents the threshold question of whether he can challenge the validity of his sentence under the general federal habeas corpus statute. The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence. Cradle v. United States ex. rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). This requires a petitioner to show that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000).

Petitioner fails to specify why a § 2255 proceeding would not afford him a full hearing and adjudication of his claim. Petitioner, instead, argues that § 2241 "provides relief at any time" to correct sentences. (Pet.'s Am. Mot. for the Correction of Sentence, Dkt. Entry 332 at 1-2.) This statement may be true if a petitioner demonstrates that § 2255 provides inadequate or ineffective relief. See Cradle, 290 F.3d at 538.

Though unexpressed, one reason Petitioner may believe that a § 2255 motion does not

4

afford an adequate or effective remedy is that the one-year limitations period appears to have lapsed.[3] This argument would fail, however, as § 2255 "is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired." Id. at 539. Section 2241 exists "to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements [of § 2255]." Id.

Petitioner could have raised the arguments that the government failed to abide by the plea agreement and his sentence was unauthorized because he did not plead guilty to a punishment set forth in 21 U.S.C. § 841(b) via a § 2255 motion. Petitioner may not present these claims under § 2241 merely because he failed to timely pursue them under § 2255. Petitioner's final argument that his sentence is invalid under Blakely/Booker is also groundless, as neither decision applies retroactively to cases on collateral review. See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005).

Petitioner has not demonstrated the ineffectiveness or inadequacy of the § 2255 remedy. Accordingly, none of the claims he has presented is properly before this Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

---

[3] Defendant's conviction became final under § 2255 when the time for seeking certiorari review of the Third Circuit's decision expired on August 18, 2003. See Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). Consequently, the one-year period for filing a § 2255 motion expired on August 18, 2004. Petitioner did not initiate collateral review until December 2, 2004. (Dkt. Entry 325.)

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. Entry 325) and related amendment (Dkt. Entry 332) are **DISMISSED**.

2. The Clerk of Court is directed to mark this matter **CLOSED**.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania