**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| VS. | : | 3:CR-99-0239 |
| | : | 3:CV-06-1295 |
| | : | (CHIEF JUDGE VANASKIE) |
| **GREGORY MONROE** | : | |
| | : | |

## MEMORANDUM

On June 30, 2006, Gregory Monroe filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. Entry 343.) In accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), this Court issued an Order on July 6, 2006 advising Mr. Monroe that (1) he could have the motion ruled on as filed, but lose his ability to file a second or successive motion absent certification by the Court of Appeals, or (2) withdraw his motion and file one all-inclusive § 2255 motion within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Dkt. Entry 344.) Because Mr. Monroe's motion appeared time-barred under the AEDPA, the Order also required Mr. Monroe to "show cause why this Court should not deny his motion as time-barred under 28 U.S.C. § 2255." (<u>Id.</u>)

On August 3, 2006, Mr. Monroe notified the Court that he wished to have the motion ruled on "as filed." (Dkt. Entry 346.) Mr. Monroe, however, did not present any additional arguments for why his motion is not time-barred under the AEDPA. (<u>Id.</u>) By Order dated

August 21, 2006 (Dkt. Entry 348), this Court granted Mr. Monroe an additional period of 30 days within which to show cause why his § 2255 motion was not time-barred. Mr. Monroe has not filed any other document since entry of this Court's Order of August 21, 2006. Because Mr. Monroe's motion appears time-barred, this Court will exercise its authority to raise the issue sua sponte. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); Knecht v. Shannon, 132 Fed. Appx. 407, 408 (3d Cir. 2005); United States v. Bendolph, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (en banc).

Mr. Monroe was sentenced on February 27, 2002. (Dkt. Entry 242.) The United States Court of Appeals for the Third Circuit denied his appeal on May 20, 2003. (Dkt. Entry 316.) Mr. Monroe's opportunity to file a petition for a writ of certiorari with the Supreme Court of the United States ended 90 days later on August 18, 2003. See Kapral v. United States, 166 F.3d 565, 570-71 (3rd Cir. 1999) (finding that a judgment of conviction is final for purposes of § 2255 when the time for seeking certiorari review expires). Mr. Monroe filed his § 2255 motion on June 30, 2006, nearly three years after his sentence became final. (Dkt. Entry 343.) Thus, the motion appears to be barred under the AEDPA's one-year statutory period.

Mr. Monroe sets forth two arguments in his § 2255 motion why his motion is not time-barred under the AEDPA. (Dkt. Entry 343 at 12.) First, he argues that this Court should construe the motion as an amendment of his 28 U.S.C. § 2241 petition filed on December 2, 2004, and thus, construe the motion as filed on December 2, 2004. Even if this Court accepted

this argument, however, the motion would still be time-barred, as the § 2241 petition was filed more than a year after his sentence became final.[1]  Therefore, this argument is without merit.

Mr. Monroe alternatively argues that his motion should be construed as timely because he could not raise his Blakely/Booker-based challenge within the one-year statutory period of the AEDPA.  This argument is also without merit, as neither Blakely v. Washington, 542 U.S. 296 (2004), nor United States v. Booker, 543 U.S. 220 (2005), apply retroactively to cases on collateral review.  See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir.), cert. denied, 126 S. Ct. 288 (2005).  Because Mr. Monroe fails to show why his motion is not time-barred under § 2255, it will be dismissed.  An appropriate Order follows.

        **s/ Thomas I. Vanaskie**
        Thomas I. Vanaskie
        United States District Judge

---

[1] Mr. Monroe also asks this Court to equitably toll the statutory period because his counsel disobeyed his wishes to seek certiorari review of the Third Circuit's decision.  As noted above, though, Mr. Monroe's judgment of conviction did not become final for purposes of § 2255 until after the time for seeking certiorari review expired.  See Kapral v. United States, 166 F.3d 565, 570-71 (3rd Cir. 1999).  Consequently, there is no basis for equitable tolling.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **VS.** | : **3:CR-99-0239** |
| | : **3:CV-06-1295** |
| | : **(JUDGE VANASKIE)** |
| **GREGORY MONROE** | : |
| | : |

## ORDER

**NOW, THIS 12th DAY OF OCTOBER, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. Entry 343) is **DENIED**.

2. There is no basis for issuance of a certificate of appealability.

3. The Clerk of Court is directed to mark this matter and the related civil matter (No. 3:CV-06-1295) **CLOSED**.

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie
                                                United States District Judge